(January 26; 1884.)

## JONES v. ST. JOHN IRRIGATING COMPANY.

BILL OF EXCEPTIONS—EX PARTE MOTION TO STRIKE.—A bill of exceptions may not be stricken out of the transcript upon appeal upon the ground that the same was not served upon the adverse party prior to settlement.

PRESUMPTIONS.—The presumption is that the district court acted regularly in settling a bill of exceptions.

OVERCOMING PRESUMPTIONS—EVIDENCE—MOTION TO STRIKE.—To overcome the presumption of regularity in the action of the trial court in settling a bill of exceptions by showing that the bill was settled without having been served upon the adverse party, proof of the failure of such service must be made, upon due notice to the adverse party.

SERVICE OF NOTICE—ATTORNEYS.—The affidavit of one attorney to the effect that a bill of exceptions was not served upon the respondent prior to its settlement is not sufficient in a case where the respondent was represented by two attorneys, as in such case the affiant can actually know only of such failure of service upon himself, and can only entertain a belief as to service upon his co-counsel.

MOTION to strike bill of exceptions. Motion disallowed, with leave to renew same upon notice.

Smith & McCollum, for Respondent.

BUCK, J.—This cause came into this court on an appeal from final judgment. The respondent files exceptions under rule 9 to that portion of the transcript designated bill of exceptions, and sets forth as the grounds of his exception:

"That the said bill of exceptions was never served on the respondent or his attorneys, nor was any opportunity afforded to respondent or his attorneys to prepare amendments thereto, and because the respondent and his attorneys were kept entirely ignorant of the existence of said bill until the transcript on file was examined by respondent's attorneys."

These exceptions are supported by the affidavit of one of the attorneys for respondent in the court below.

An inspection of the record shows a substantial compliance with the statute in the preparation of the transcript. The bill of exceptions appears therein allowed and properly certified by the judge who tried the case in the court below.

It is apparent from the inspection of the transcript that all the grounds of appeal relied upon by the appellant are contained in the bill of exceptions, and to eliminate said bill from the record would practically decide the case against the appellant.

The allowing of the exceptions filed therefore involves and practically passes upon the substantial rights of the appellant, and the court is of the opinion that they should not be allowed without notice to the opposite party. The brief of the appellant is on file, and the presumption is that the court below acted regularly in allowing and certifying the bill of exceptions.

This presumption may be overcome by evidence, but to allow this to be done, *ex parte* and without notice, would be committing in this court the same error complained of in the court below.

The affidavit filed in support of the exceptions does not seem to be sufficient to place the correctness of the exceptions beyond a doubt even could we consider them in this instance. It appears from an inspection of the record that there are two attorneys in the court below.

We doubt whether in a matter of such importance one attorney is competent to say that no notice of bill of exceptions

has been served on his associate. At best it can be with him but a matter of belief. We think that affidavits from each and all those who might have had notice should appear in support of the exceptions to overthrow the presumption of regularity in the court below.

The exceptions are disallowed, with permission to renew the same upon notice to the opposite party.